PREGERSON, J.,
dissenting:
I dissent. Braga and his wife, whose immigrant petition is derivative of Braga’s, are both natives and citizens of Brazil. Braga and his wife have two young United States-born citizen children. Braga is an expert in the field of Brazilian Jiu-Jitsu. According to the district court’s unpublished order, “Brazilian Jiu-Jitsu was developed and popularized by members of the Grade family in Brazil within the last 50 years or so, based on Japanese martial arts.” Braga won a silver medal at the Pan American Jiu-Jitsu Championships in 2003. That medal is one of the highest honors an athlete can win in the field of Brazilian Jiu-Jitsu. Braga is also a mixed martial arts champion. The Ultimate Fighting Championships, a mixed martial arts competition for high-level professional fighters, offered Braga a three-fight deal based on his abilities. Braga is also a No Holds Barred fighting champion, and has amassed a number of regional and international martial arts fighting awards. Braga also serves as a head instructor of Brazilian Jiu-Jitsu and as a teacher of defense tactics to law enforcement.
As is relevant here, the USCIS, however, found that Braga did not qualify as an alien with extraordinary ability under 8 U.S.C. § 1153(b)(1)(A) because he failed to establish that he had received a major, internationally recognized award within the meaning of 8 C.F.R. § 204.5(h)(3).
I agree with the district court that US-CIS’s legal analysis set a restrictively high standard for “extraordinary ability” and was contrary to law. But I do not agree with the district court and USCIS’s conclusion that the evidentiary material submitted by Braga was insufficient to support his claim that the silver medal he earned at the Pan American Jiu-Jitsu Championship was a qualifying award. The eviden-tiary material in the form of letters of support from other experts explains the extraordinary importance of Braga’s silver medal in Brazilian Jiu-Jitsu and the extraordinary ability he demonstrated in earning that award. Accordingly, I would reverse.